

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED:

By MAIL
Hon. Rowald L. Ellis
United States Magistrate Judge
Southern District of New York
500 Pear Street
New York, New York 10007

APR 21 2014

2014 APR 21 P 3: 38

PRO SE

MARCH 13, 2014

RE: Revised Amended Supplimented Complaint Notice of Motion for Summary Judgement pursuant to Rule 3212.

10 CV 3345 (RLE)(RJS)

<u>Third Amended Complaint</u>

Plaintiff humbley requests for Hon. Rowald L. Ellis And the court clerk, And defendents forgive the deficient errors, At the top left line of the previous Amended Supplimented Complaint, And Most recent Amended (2nd) Supplimented Complaint Motion for Summary Judgement, where plaintiff Inserted - Fed. R. Civ. 7.16, without provacation, And without cause, yet in haste. I deeply Apologize, And do correct the error.

Pointedly, Any party May Move for Summary Judgement in Any Action, After issue has been Joined; provided however, that the court May set a date After which no such Motion May be Made. Such date being no earlier than 30 days After the filing of the Notice of Issue. SEE: Rule 3212.

Failing to properly Support or Address A fact As required by Rule 56 (c), the court May: grant Summary Judgement if the Motion And supporting MATERIALS Show that the Movant is Entitled to it.

①

Text of Rule 56

Failing to grant all the requested relief:

If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case. See; "Judgement on the pleadings" — "Estoppel by deed."

## Affidavit or declaration submitted in bad faith

If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond — may order the submitting part to pay the other party the reasonable expenses, it incurred as a result. Notabley, an offending party or attorney may also be held in contempt or subjected to other appropriate sanctions. See: "Suit for exoneration."

Assuredly, plaintiff's motion for leave to enter a judgement on the issue of liability against the defendant (s) upon its failure to appear or answer, the plaintiff submitted his process server's affidavit of service, an affidavit of merit, and pro se attorney's affirmation regarding the defendant (s) default. See: 3215 (f).

To successfully oppose plaintiff's motion and in support of it's cross motion to compel plaintiff to accept the late answer, the defendant(s) are required to demonstrate a justifiable excuse for it's default and the existence of a potentially meritorious defense to the action. See: CPLR 5015 (A)(1); Gross & Hall, 70 Ad3d 997.

The affirmation by the defendant(s) attorney failed to demonstrate a reasonable excuse for the default in answering, and for the lengthy delay in cross-moving to compel plaintiff to accept the later notice.

Nor has the defendant's provided a good faith reason or justification for the delay of forwarding plaintiff the transcripts, and without concern, consideration nor business ethics, have the defendants corresponded in the affirmative, to concede to the fact that there is no genuine issue of material fact to be decided by a fact-finder. That is because the evidence is legally insufficient to support a verdict in the defendants favor, as the defendants continued "conclusory assertions", that they did not deviate from good and accepted practice, with no factual relationship with the alleged injury, did not establish absence of genuine issue of material fact as to their liability, in which one defendant acknowledged that at least in some part the alleged injury actually occurred. "conclusory assertion". See: Miller v Shlomo, LLC., 49 Ad3d 612.

The trial judge ruled, however, "the defendant's 2008 statement made while he was in custody in Riker's Island, and represented by an attorney, as to that motion to suppress, that is granted, and the defendant's statement is suppressed."

However, under People v Harris, 93 Ad3d 58 (2012), I find that it was voluntarily made, and should the defendant testify, the statement can be used to cross-examine the defendant and used for impeachment.

Accordingly, the people in the criminal case is preparing for a Huntley hearing for the purpose of determining the admissibility of any extrajudicial statements made by plaintiff, including those alleged in the instant civil complaint. The prosecution has the burden of proving that any statements made by plaintiff during his "custodial interrogation" were made freely and without "coercion."

Clearly, a physical assault by a police officer during said

③

interrogation, would HAVE bearing on the ADMISSIBILITY of ANY STATEMENTS MADE by plaintiff. Thus, if the prosecution is NEVERTHELESS able to prove that plaintiff's STATEMENTS ARE ADMISSIBLE BECAUSE no such THREATS or ASSAULTS occurred, plaintiff's entire CIVIL CASE MAY be precluded AS A MATTER of law. SEE: MEMORANDUM DEED, THE CITY OF NEW YORK - LAW DEPARTMENT - 100 CENTER STREET - NEW YORK, N.Y. 10007, p.g.#2, 1st paragraph, MICHAEL A. CARDOZA, corporation counsel - BRIAN J. FARRAR, ASST. corporation counsel.

Significantly is "JUDGEMENT(S) on the PLEADINGS", which is BASED SOLELY on the ALLEGATIONS and information contained in the PLEADINGS, and NOT on ANY OUTSIDE MATTERS.

Procedurally, jurisdictionally and according to NEW York's indelible right to counsel rule, the right is AVAILABLE to the defendant at ANY CRITICAL STAGE of prosecution (PEOPLE v SETTLES, 46 N.Y.2d 154 (1978), meaning that, if SUFFICIENT JUDICIAL ACTIVITY HAS TAKEN PLACE AT A STAGE prior to the filing of AN ACCUSATORY INSTRUMENT, A defendant in custody in connection with A CRIMINAL MATTER for which he is represented by counsel, MAY NOT BE interrogated in THE ABSENCE of counsel with respect to that MATTER, or ANY UNRELATED MATTER, UNLESS he WAIVES the right to counsel in the PRESENCE of his counsel. SEE: PEOPLE v LOPEZ, 16 N.Y.3d 375 (2011), "Showing of PRIMA FACIE CASE".

Yet, if it is REASONABLE for AN interrogator to suspect that AN ATTORNEY MAY HAVE entered the custodial MATTER, there MUST be AN inquiry regarding the defendant's representational status, and the interrogator will be charged with the knowledge that such AN inquiry likely would HAVE revealed. SEE: PEOPLE v ROGERS, 48 N.Y.2d 167 (1979), "Showing of PRIMA FACIE CASE."

4)

In the case of coerced confessions, the evidence may be unreliable, even if reliable. A free society cannot condone police methods that outrage the rights and dignity of a person, whether they include physical abuse or psychological coercion. It is all very well to speak of judicial integrity, cherished rights, fundamental imperatives of fair dealing, and potential police brutality. SEE: People v Meucher, 13 NY2d 148 (1963). For there can be no other inference that can be drawn from the undisputed facts that the police purposefully exploited their patently improper questioning about the charges for which the defendant had counsel, to aid in their interrogation concerning the charge(s) of which the defendant was not represented. SEE: People v Grant, 91 NY2d 989 (1998).

Thus, while relying on a comparative ruling, a Huntley hearing was held for petitioner, Kenneth Felder, and on May 16, 2001, a decision rendered, whereby petitioner's statement's were suppressed pursuant to the judges findings that petitioner's constitutional right to counsel had been violated by the detectives failure to contact the attorney who had represented petitioner on his 1994 robbery charge and arrange for his presence during their interview(s) of plaintiff in Georgia. "Showing Prima Facie Case."

Ironically, the prosecution appealed the decision while plaintiff remained in custody. However, on January 28, 2003, the decision was affirmed and on January 31, 2003, the charges against petitioner were dismissed. SEE: Felder v The city of New York, ET AL., 32 MISC 3d 1246A (2011). "Showing Prima Facie Case"

2.    Justifiably so, "Estoppel by deed" prevents a party to a deed from denying anything recited in that deed if the party has induced another to accept or act under the deed, when

⑤

PAROL EVIDENCE IS ALWAYS ADMISSIBLE to prove or disprove the existence of fraud or duress AS AN Inducement to the execution of A writing, And this IS SO, despite THE EXISTENCE of A completely integrated writing or the presence of A merger, or general disclaimer clause. SEE: MEMORANDUM'S - July 26, 2010 And April 7, 2010.

       However, it ENABLES one who has perpetrated A fraud upon Another to contract with him in the very Instrument by means of which it WAS perpetrated, for Immunity Against the severe consequences; to close his mouth from complaining of it And bind him Never to seek redress, SEE: Bridger v Goldsmith, 143 NY 424 (1894), for which plaintiff requested previously, for summary judgement Award, on December 10, 2013, And objected to defendant's "Conclusory Assertion" for An Additional 30 days adjournment to ascertain the transcripts from the Huntley Hearing, pursuant to People v Huntley, 15 NY2d 72 (1965), Acknowledging that in both the Memorandum'S, they reveal fraudulent, deceptive And tactics of misrepresentation.

i. MEMORANDUM: July 26, 2010: This Application IS MADE without plaintiff's consent AS plaintiff, who Appears pro se, IS currently Incarcerated And cannot be reached expeditiously.

A. Relying on Kotler v Donelli, 528 Fed. Appx. 10 (2ⁿᵈ Cir. 2013): THE 2ⁿᵈ Circuit wrote In Kotler, we have Noted that there IS A Substantial question AS to whether, under New York law, collateral estoppel should ever apply to fact Issues determined In A prison hearing And reviewed for Substantial evidence, given the procedural latitude of such hearings And the limited Nature of Substantial evidence review. (Grievance Dept.)

(6)

NOTATION: The doctrine of COLLATERAL estoppel is grounded on concepts of FAIRNESS AND should not be rigidly or MECHANICALLY applied.

PRISONERS HAVE A right to ASSISTANCE from AN employee AND A restricted right to call witnesses. MOST CASES granting preclusive effect to FACTUAL findings reviewed in proceedings ARISE in the context of CIVIL SERVANT hearings At which the employees HAVE greater procedural protections, including the right to counsel.

The court should Acknowledge, AS the court Acknowledged, AS Koller, WAS INCARCERATED in SHU IMMEDIATELY After being charged, AS PLAINTIFF WAS ALSO INCARCERATED during interrogation, AND HAD little opportunity to investigate his claims before previous hearings.

However, with persistence, diligence And being timely within due diligence, petitioner now has critical evidence that WAS unavailable At the submitting of his CR-11 claim. DD-5's dated 5/17/05; 6/17/05; 7/19/05; 9/21/05, All of which discloses that the Brown S.A. WAS AWARE of the DNA MATCH, but WAS not prepared to Authorize AN ARREST AT this time. Det. Stafford #3420 conducted NUMEROUS CRIMINAL And CIVIL data BASE SEARCHES for Robert FLEMING, And discovered plaintiff WAS discharged from parole on 1-13-05, And WAS residing At 340 MAPLE ST. #1L, BKLYN, NY, in the confines of the 41 pct/w Spouse, SAQUANA BANKS. ADA NANCY BORKO, suggested that u/s KEEP TABS (surveillance on FLEMING). THAT Det. THOMAS And u/s Attempted to located SAQUANA BANKS for questioning, regarding this investigation.

⑦

In the discovery of this case, plaintiff has uncovered evidence, information and proof, describing factual record supporting decision for plaintiff(s), pursuant to Jacklovich v Simmons, 392 F3d 420 (10th Cir. 2004); Beard v Banks 548 US 534, 521 (2006), where the court does say: A prisoner may be able to marshal substantial evidence that, given the importance of the interest suffered upon (custodial interrogation), (5th, 6th, 8th and 14th Amendments), the policy and practice, as well as the tactics is not a reasonable one. This, the court should consider, creates a genuine dispute as to whether the District Attorney, NYPD, the courts and those working on their behalf, has conspired in framing plaintiff, and whether because of such a deliberate indifference to plaintiff's rights of procedural due process, "summary judgement award should be granted to plaintiff."

2. Explicitly memorandum: April 7, 2011 states: "The prosecution has the burden of proving that any statements made by plaintiff during his "custodial interrogation" were made freely and without coercion." Clearly, a physical assault by a police officer "during said interrogation," would have bearing on the admissibility of any statements made by plaintiff. Thus, if the prosecution is nevertheless able to prove that plaintiff's statements are admissible because no such threats or assaults occurred, plaintiff's entire civil case may be precluded as a matter of law. "Conclusory assertion".

A. The prosecution failed to meet its burden, proving that any statements made by plaintiff during his custodial interrogation were made freely and without coercion. For the trial judge

⑧

declared, unequivocally that; However, the defendant's 2008 statement made while he was in custody in Riker's Island, and while still represented by an attorney, as to that motion to suppress, that is granted, and "the defendant's statement is suppressed. Summary judgement should be granted to plaintiff [18]

B. Acknowledging that prior inconsistent conduct or declarations may be established by cross-examination of the actor or declarant, denial or inability to recall or to definitely affirm or deny the making of the statements or performance of the act, "opens the door" to proof of the prior inconsistent statements or acts at the proper time during the trial by extrinsic evidence.

C. Assessing the facts; inconsistency is to be determined, not by individual words or phrases alone, but by the whole impression or effect of what has been said or done. See: Larkin & Nassau Electric R. Co. 205 NY 267 (1912); c.f. Judson & Fielding, supra n. 96. See: Memorandum's - July 26, 2010; April 7, 2011 and Judges decision regarding the Huntley Hearing/Statement, on or about June 20, 2013. "Statement is suppressed."

Often times the defendants move for summary judgement or request for additional adjournments without submitting an adequate evidentiary basis for it, which is what the defendants portrayed at the telephonic conference on December 10, 2013, with the request for an additional 30 days adjournment, even as they failed to establish the necessary facts in the manner required by the rules, for which plaintiff requests the court to deny their motion on that ground, because the defendants failed to show that the rule or practice should be upheld, as reasonably related to legitimate penological objectives, by not submitting

evidence to that effect, and not just "conclusory assertions".

Plaintiff has provided volumes of sufficient facts before the court to show that there is a genuine factual issue as to each point on which plaintiff bears the burden of proof.

Therefore, plaintiff requests from the clerk of the court, to provide plaintiff with a certificate of default judgement, as defendants are in default, pursuant to, Fed. R. Civ. Proc. Rule, 8(b)(1)(A—b), by failing to respond, answer or deny the accusations, or submit evidence of an adequate evidentiary fact or manner, for which the court accommodated the defendants a 30 day extention to ascertain information from December 10, 2013 — January 10, 2014. Today is date is February 14, 2014, A total of 64 days extended and excessive delay, without any good faith reason or justification, not any notification for a rescheduled telephonic conference.

Similarly, Rule 56, mandates the entry of summary judgement, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

By ratifying the 14th amendment, our society has made an unmistakable committment to apply the rule of law in an evenhanded manner to all persons, even those who flagrantly violate their social and legal obligations. Thus, it is well settled that even the worst of the worst prisoners retain constitutional protection (5th, 6th, 8th, 14th), and specifically including their 1st amendment rights. SEE: O'LONE v ESTATE OF

Shabazz, 482 US 342 (1987). When a prison regulation impinges upon
1st amendment freedoms, it is invalid unless it is reasonably related
to legitimate penological interests. See: Turner v Safley, 482 US 78,
(1987). Under this standard, a prison regulation cannot withstand
constitutional scrutiny if the logical connection between the regulation
and the asserted goal is so remote as to render the policy arbitrary
or irrational, or if the regulation represents an exaggerated
response" to legitimate penological objectives.

       Thus, plaintiff has described factual record supporting
decisions. For he has been able to marshal, submit and present
substantial evidence, supporting documentation, that proving the
importance of the interest (custodial interrogation) infringed upon,
the policy and procedure proved not a reasonable one. See: Jacklovich v
Simmons, 392 F3d 420 (c.a. 10 2004).

       Plaintiff has stated a cause of action for Police
Abuse / excessive force, and is entitled to summary
judgement award.

                    Sincerely submitted

                    Robert Fly

                    Robert Fling

                    April 14, 2014
                    Bot

<u>Action was brought to recover damages</u>
<u>Police abuse and excessive force</u>

The procedural framework for adjudicating claims must be sufficient for large majority of a group of claims in order to be constitutionally adequate for all. SEE: NAT'L ASS'N of Radiation Survivors, 473 US at 300.

Thus, explaining that the admission of improper evidence, proceeding under false pretense, ruse or accurmicado, and inflicting police abuse and excessive force upon an postundicted defendant, who is represented by counsel on the pending charge(s), is a denial of due process where it thereafter, infects the proceedings with fundamental unfairness. SEE: Romano v Oklahoma, 512 US 1 (1994).

Therefore, the court's application of the generality standard to plaintiff's claim is arguable misdirected, as the court's reference to People v Watts, 93 Ad3d 58 (2012).

Affirmatively, the trial court suppressed the statements the defendant made to det. Strafford #3420, during the custodial interrogation on October 23, 2008, pursuant to the judges findings that plaintiff's constitutional right to counsel had been violated by the detectives failure to contact the attorney who was representing plaintiff on the pending charge(s), and arrange for her presence, i.e. Allison Webster, Legal Aide Society, Bronx County, during the interrogation with plaintiff at Rikers Island, & the Beacon Corr'. Faci. SEE: Felder v The City of New York, 32 NYS3d 1246A (2011); People v Lopez, 16 NY3d 375 (2011).

(12)

unjustifiably, Admitting incriminating statements that were obtained in violation of murder defendant's indelible state law right to counsel was not mere harmless error, but required reversal of his conviction. SEE: People v Watts, 43 Ad3d 58 (2012).

However, the court should now conclude in it's ruling, that Set. Sexton's failure to clarify which portion(s) of the statement he wrote in plaintiff's absence on February 29, 1988, prior to the close of the Huntley hearing, on or about June 2013, which remained blank, noting that neither plaintiff's, nor Set. Sexton's signature, badge no., time, place or dates on the first and last page of the presumed statement, indicate procedural safeguards for a chain of custody, pursuant to Crawford v washington, 541 us 36 (2004); Articulating, statements taken by police officers in the course of interrogations also were testimonial under even a narrow standard, for the involvement of government officers in the production of testimonial evidence presented the same risk, regardless of whether the officers were police or justices of the peace.

Coincidently, involvement of government officers in the production of testimony with an eye toward trial, presented unique potential for prosecutorial abuse — a fact borne out time and again throughout a history with which the framers were keenly familiar. SEE: Crawford v Washington, 541 us 36 (2004); Ohio v Roberts, 448 us 56.

Actionable pursuant to newton v the city of new york, 681 F. Supp 2d 473 (2010), Alleging, as plaintiff has shown a

PRIMA FACIE, while describing that there is no genuine issue(s) of material fact as to each element of his legal claim(s) for police abuse and excessive force, 10 CV 3345 (RLE)(BJS); due process violation, malicious prosecution and obstruction of justice and ineffective assistance of counsel, pursuant to CPL § 310.50 (2); CPL § 210.20; CPL § 210.30; CPL § 210.40, 210.40 (1), pursuant to N.Y. crim. proc. Law § 440.30 (1-A)(A), 12 CIV 0612 7 (RSW).

Thus, where a trial judge violates rules governing Judicial conduct:

1. Section 100.1: A judge shall uphold the integrity and independence of the Judiciary.

2. Section 100.2: A judge shall avoid impropriety and the appearance of impropriety of the judges activities.

3. Section 100.3: A judge shall perform the duties of Judicial office impartially and diligently.

Thus, describing Adjudicative responsibilities:

A. A judge shall be faithful to the law and shall act at all times in a manner that promotes public confidence, and maintain professional competence in it.

B. A judge shall not be swayed by partisan interests, public clamor or fear of criticism. See: Black v Burke, 7 NY3d 213 (2006).

The court should determine, as plaintiff, proceeding pro se, which reflects values of individual integrity, autonomy and self-expression, that derives principally from interests beyond ensuring that trial outcomes are fair, that Hon. Clancy did violate these sections, the action(s) by Hon. Clancy were wrong and sanctionable, and because Det. Section's handwritten

Statements, composed in plaintiff's absence, without plaintiff's Signature, the bet's Signature, the time, date, badge no., or designated place of entree, the court should order the right to summary judgement toward to plaintiff, predicated on:

1. Estoppel by deed, which prevents a party to a deed from denying anything recited in that deed, if the party has induced another to accept or act under the deed.

2. Judgement on the pleadings, which is based solely on the allegations and information contained in the pleadings, and not on any outside matter(s). See: Fed. R. Civ. P. 12-c).

3. Estoppel by laches, which as an equitable doctrine, some courts deny relief to a claimant, or party who has reasonably delayed or has been negligent in asserting a claim.

4. Estoppel by misrepresentation, which arises when a party makes a false statement that induces another party to believe something, and that results in that party's reasonable, and detrimental reliance on the belief.

5. Estoppel by silence, which arises when a party is under a duty to respond, but fails to do so.

6. Suit for exoneration, brought by a surety to compel the debtor to pay the creditor, if the debtor has acted fraudulently, and is insolvent. Alternatively, Suit for exoneration may include further remedies to ensure that the debtor's assets are applied equitably to the debtor's outstanding obligations.

Thus, Applying Grillo in the civil context, 31 F.3d 53 (1994), fraudulent intent on the part of the presenter of the false evidence, and a finding that the state's inadvertant but prejudicial suppression of favorable evidence was a due process violation,

(15)

thus, warranting summary judgement award in the amount of $100,000,000 to plaintiff, and as a collateral consequence of suppressing the custodial interrogation statement(s), obtained in violation of plaintiff's constitutional right to counsel, on october 23, 2008, the conviction and sentence, thus being invalid because of an unconstitutional conviction and imprisonment, must be vacated and the indictment dismissed, as plaintiff, showing a prima facie, brought serious question(s) to the propriety of the interrogation techniques used in connection with plaintiff's signing of his miranda waiver, and making incriminating statements to the detectives, during the custodial interrogation, on october 23, 2008, in the absence of his assigned counsel. SEE: People v Ermo, 47 NY2d 863 (1978), for which the appellate division correctly evaluated the interrogation as integrated whole and properly concluded that the possession and trespassing charges used by the detectives as crucial element in securing a statement concerning the double homicide, in counsels absence, should be properly suppressed in entirety.

Arguably, the people contend that allowing plaintiff to now proceed with a purported excessive force claim concerning these same circumstances should be barred by Heck v Humphrey 512 US 477 (1994); rooker-feldman doctrine; rooker v fidelity trust Co. 263 US 413 (1923); where it clearly states that federal courts lack subject matter jurisdiction if it would result in the reversal or modification of state court judgement.

(16)

Similarly, in affirmation and rebuttal to the people's affirmation in opposition, plaintiff as well as the reviewing court should conclude that contrary to the majority view that the trial court did not lose jurisdiction, as is purported in defendants recent responsive memorandum (brief), dated January 15, 2014, where the argument in support of that branch of it's motion, which was for summary judgement, seeking to dismiss so much of the claim as concerned the validity of certain claims, making up the subject consolidated claims, for which the defendants have raised these argument(s) in prior cross motions, summary judgement, request for a stay and additional 30 day adjournment, for which they failed to make a prima facie case, showing of entitlement to summary judgement award in their favor, see Winegard v Nill v Mel. Clit, 64 NY2d 851 (1985).

By making an error which plaintiff could have corrected on appeal, or other pretrial or postconviction motions, and elected not to attempt (emphasis supplied). It should be the reviewing courts position, as it is plaintiff's analysis, that the trial court never acquired jurisdiction, as plaintiff's conviction for murder 1: 2 counts was in contravention of his constitutional 5th, 6th, 8th and 14th amendment rights, and even affirmance of a judgement void for want of jurisdiction does not change it's character, and immediate or speedier release form incarceration may thereafter be obtained by habeas corpus on the ground(s) of want of jurisdiction, as summary judgement may flow, via suit for exoneration, compelling the defendant's to pay plaintiff, as the defendants have acted with a deliberate indifference to plaintiff's constitutional 6th amendment rights and

(17)

constitutional right(s) to procedural due process, And to release plaintiff immediately or speedier from incarceration, As a collateral consequence of estoppel by deed And judgement, on the pleadings, which prevents the partys to a deed from denying what is recited in the deed, if a party proceeding with a fraudulent intent, induces Another to Accept or Act under the deed. Conceding to the Allegations And information contained in the pleadings of the deed (Memorandum)(July 26, 2010; April 7, 2011), And not on Any outside matters, see: Fed. R. Civ. P. 12(c).

<u>Procedural safeguard(s) for extension(s) of time</u>

Visa versa, if you need additional time to meet a motion's deadline, you should first ask your Adversary if she/he would consent to an extension of time. If your Adversary refuses to consent to An extension, you May Ask the Judge for An extension of time directly. Such a request May be made in the form of a letter, <u>but a copy of the letter <u>must be sent</u> to the other parties, And An <u>Affirmation of service <u>must</u> be Attached to the original request that is sent to the pro se office. See: Extensions of Time.

<u>Special information oncertain motion(s) in pro se cases</u>

Local Rules 12.1 And 56.2 require that pro se litigants be advised of certain information if a motion to dismiss, A motion seeking An Adjournment or for Summary judgement is filed by A defendant in his/her case(s). <u>In Essence</u>, Local Rule 12.1 Advises pro se litigants that a motion to dismiss may be converted into a motion for Summary Judgement, if the defendant(s) refers to matters that Are not contained in the complaint or the Answer.

Thus, Acknowledging that court of Appeals in interpreting statute will give effect of clear And unambiguous words used by

coequal branch of government, unless such application would cause anachronistic or absurd result, contrary to contextual purpose of enactment. SEE: People v Boston, 75 N.Y.2d 585 (1990); Robert T. Johnson, (District Attorney - Bronx County).

Thus, failure to follow statutory procedure for custodial interrogation, and for waiver of indictment, yet accepting waiver of indictment and guilty plea to count interposed by Superior court information (S.C.I.), rather than contact counsel and arrange for his/her presence at the interrogation, or rather than grand jury action, after indictment, mandates plaintiff's conviction for murder 1°-2 counts be vacated, and because plaintiff's poss. control subst. and trespassing plea was entered with understanding that he would receive concurrent sentence, that conviction also had to be set aside. SEE: McKinney's CPL § 195.10, 195.10, subd. 2(b); McKinney's Penal Law § 125.25 subds 1,2. SEE: People v Boston, 75 N.Y.2d 585 (1990); Robert T. Johnson, District Attorney-Bronx County.

As an affirmation, pursuant to the defendant's requisition, articulated, cited and confirmed in the declaration for their request for the stay:

The prosecution is preparing for a Huntley hearing, pursuant to People v Huntley, 15 N.Y.2d 72 (1965), for purpose of determining the admissibility of any extra-judicial statements made by plaintiff, including those alleged in the instant civil complaint.

The prosecution has the burden of proving that any statements made by plaintiff during his custodial interrogation were made freely and without coercion, clearly. A physical assault by a police officer during said interrogation, would have bearing on

the admissibility of any statements made by plaintiff.

Thus, if the prosecution is nevertheless able to prove that plaintiff's statements are admissible because no such threats or assaults occurred, plaintiff's entire civil case may be precluded as a matter of law. SEE: MEMORANDUM/DEED- dated April 7, 2011.

In this case, we must determine whether the rule applies even if the interrogator is unaware that an incarcerated defendant is represented by an attorney. The courts have concluded that, if it is reasonable for an interrogator to suspect that an attorney has entered the custodial matter, there must be an inquiry regarding the defendant's representational status, and the interrogator will be charged with the knowledge that such an inquiry likely would have revealed. SEE: People v Rogers, 48 NY2d 167 (1979); People v Bing, 76 NY2d 331 (1990); People v Lopez, 16 NY3d 375 (2011).

In conclusion, New York State's constitution provides that no person shall be made to answer for a capital or infamous crime except upon indictment by a grand jury (N.Y. Const., Art. 1, § 6). For a long time, neither a guilty plea nor a waiver of indictment could obviate this constitutional prerequisite and protection. SEE: People v Trueluck, 88 NY2d 546 (1996); Robert T. Johnson, District Attorney - Bronx County.

In summary, as the defendants have failed to establish the necessary facts, necessary to show a prima facie showing of entitlement to summary judgement, in the manner required by the rules, plaintiff requests the court to deny their motion on that ground. SEE: Beard v Banks, 548 US 521, 534 (2006).

Thus, describing factual record supporting decision for plaintiff(s). SEE: Sacklotich v Simmons, 392 F3d 420 (2004).

Plaintiff contends that in verified pleadings, he has described certain injuries purportedly caused by the deliberate indifference, illegal tactics of ruse and subterfuge/coido, and physical abuse and excessive force, and defendant, Lst. Wesdell Stratford #3420, has acknowledged, as did defendant(s), corporation counsel, Michael A. Cardozo and Assistant corporation counsel, Brian S. Amar, acknowledge that at least in some part the alleged injury(ies) actually occurred. SEE: McKinneys CPLR 3215(f).

On this record, the bare conclusory assertions echoed by the multiple defendants, that they did not deviate from good and accepted investigatory practice, with no factual relationship to the alleged injury(ies), do not establish that the cause of action has no merit, so as to entitle defendants to summary judgement. SEE: CPLR 3212; cf. NEUMAN r GREENSTEIN, 99 Ad2d 1018; PAN r COHUNI, 95 Ad2d 670; WINEGARD, 64 NY2d 851.

Accordingly, defendant's cross motion for summary judgement should therefore be denied, with plaintiff's summary judgement award being found in his favor, with an immediate release from incarceration. Sincerely Submitted

April 14, 2014

Assuredly, plaintiff commenced this action for police abuse/ excessive force. Defendant(s) failed to appear or answer with a justifiable excuse for its default or delay to the action. SEE: CPLR 5015(A)(1)

Plaintiff has demonstrated entitlement to a default judgement by submitting proof of service upon the defendants, the facts supporting his claim and the defendant(s) default. SEE: CPLR 3215(f); 333 CHERRY LLC r NORTHERN RESORTS, INC., 66 Ad3d 1176 (2009).

In SUMMARY, under the circumstances of this case, the defendant(s) conclusory affidavit (oral declaration - Parol evidence at telephonic conference on December 10, 2013 ) MEMORANDUM'S from July 26, 2010 ; April 7, 2011) in support of the request for a stay, an additional 30 day adjournment w/o an additional extended delay to respond for 93 days, after a failing for a 30 day adjournment, nor in support of the cross motion, is insufficient to rebut the presumption of receipt by the proper party. When, pursuant to civil docket for CASE #10 CV 3345 (KSS) (RLE) pg. 2 - SEC. 2: Identifies complaint against City of New York, New York City Police Dept., Cold Case Squad, Wendell Stratford, Braccia. 4/20/2010. Document filed by Robert Fleming (Plaintiff) entered 4/22/2010. As an affirmative reference, summons issued as to City of New York, New York City Police Dept., Cold Case Squad, Wendell Stratford, Braccia on JUNE 24, 2010.

NOTABLE, is the point and fact, on Marshal's process receipt and return of Service Executed summons and complaint served. Wendell Stratford served on September 13, 2010 Answer due October 4, 2010. Service was accepted by Lt. Colazo, Document filed by Robert Fleming (Plaintiff) on/entered on October 6, 2010.

Pointedly, the Memorandum declares: A review of the court docket appears to indicate that defendants New York City Police Department, Cold Case Squad, Wendell Stratford and Det. Braccia have not been served with process and thus, are not party to this action.

However, if the court were to grant the instant motion, defendant City of New York respectfully requests that the matter be stayed as to all defendants, conclusory assertion in memorandum.

(23)

Accordingly, as plaintiff has shown a prima facie to every element of his claim(s) for police abuse and excessive force, he is assured that the court will deny the defendant's cross-motion for leave to file a late answer for cross-motion for summary judgement, and grant plaintiff's motion for a default judgement. SEE: Ogran v Mastantourio Catering, Inc., 82 Ad3d 852 (2011); Sayco Mech. Srvcs., v Toscani, 94 Ad 3d 1214 (2012).

To affiliate the statute applying harmless error to the alleged Rosario violations in his pending civil action and parallel criminal action, which proved a prima facie showing, that seriously questioned the propriety of the interrogation techniques used in connection with plaintiff's signing of his Miranda waiver and making statements to the officers, that were inadvertently used at his trial, yet that were suppressed by the trial judge, suit for exoneration, brought by plaintiff as a surety to compel the defendant's to pay plaintiff, as they have continued in acts of fraud, deception and misrepresentation, which does upset the trial court's findings of guilty of Murder 1° - 2 counts, which also may include further remedies, such as the immediate or speedier release of the plaintiff, to ensure that the defendant(s) assets, obligation(s) and contractual agreement(s) are applied equitably to the defendant(s) outstanding obligation, and pursuant to the law. SEE: CPLR 3215; Skinner v Switzer, 131 S Ct 1289 (2011); People v Sorbello, 285 Ad2d 88 (2001); Felder v The City of New York, 32 Msc3d 1246A (2011); Weisner v Abrams, 726 FSupp 912 (1989).

Respectfully Submitted Robert

April 14, 2014

①

Robert FLEMING, Appellant, Pro Se Attorney

V

The People of New York, Respondent

The Supreme court of New York, Bronx county

March 10, 2014

Re: Ruling or decision to petitioner's previously submitted CPL§ 440.10, 440.10 Modified, 440.10 Mended, 440.10 revised, 440.10 Amended, and recently Submitted CPL§ 440.30(5) Now revised Amended supplemented complaint Notice of Motion for Summary Judgement. "consolidated claims"
10 CV 3345 (RLE) (RSS)
12 CIV 6127 (AJN)

Sir/Madam

The constitutional guarantees A defendant the right to proceed Pro Se. Although the 6th And 14th Amendment guarantee the right to effective Assistance of counsel, the constitution does not force A lawyer upon A defendant. To do so is to imprison A man in his privileges And call it the constitution. Unless An Accused Agrees to representation by counsel, the defense presented by counsel is not deemed the defense guaranteed by the constitution for in A very real sense it is not the Accused's defense. See: WIESNER V ABRAMS, 726 F, supp 912 (1989).

②

Notabley, BECAUSE the right to SELF-representation reflects values of individual integrity, Autonomy And SELF-Expression, And thus derives principally from interests beyond insuring that trial outcomes are fair, denial of the right to proceed pro se requires Automatic reversal of A conviction. SEE; WIESNER V ABRAMS, 726 F Supp 912 (1989).

BECAUSE the right to SELF-representation could provide convicted criminals A ready tool with which to upset Adverse verdicts After trials At which they had been represented by counsel A trial judge to whom A request to proceed pro se has been made must determine its genuineness. SEE; WIESNER V ABRAMS, 726 F Supp 912 (1989).

Therefore, when A defendant Asks that he be Allowed to represent himself, the court must determine:

1. whether the request is clear, unequivocal And timely.
2. whether the defendant knowingly, voluntarily And intelligently waived his right to counsel.
3. whether the defendant has interposed the request solely to delay the trial or has otherwise engaged in conduct tending to delay the proceedings. SEE; WIESNER V ABRAMS, 726 F Supp 912 (1989).

On December 20, 2010, petitioner entered on the record, for the record, newly discovered DNA evidence, Analyzed by Ms. PAULA YATES, forensic supervisor At CELLMARK, GERMANTOWN MARYLAND, dated March 14, 2000.

The Analysis for Jui Little is; we were unable to extract A banding pattern from the blood of Jui little because the blood was not preserved, therefore degraded. We were Also

③

unable to extract a banding pattern from the sperm swab fraction in so little. We were able to extract a banding pattern from the non-sperm. We were unable to confirm that this is the blood of Joy Little because we do not have her DNA to compare it with.

Petitioner also requested to proceed pro se, with their 18-B counsel David Lewis, who a conflict of interest had developed, as counsel attempted to persuade petitioner not to enter the newly discovered DNA evidence, stating; that, you are not suppose to have that, and the judge will not let you represent yourself. Petitioner responded saying; WATCH MY SMOKE!!!

Thereafter, Hon. Clancy requested where did I get the newly discovered DNA evidence, and I responded; while perusing through my discovery papers, 2 years and 8 months after a presumed, overwhelming DNA evidence arrest.

Hon. Clancy thereafter, reschedulled the court date for a date in February 2011, to analyze whether the newly discovered DNA evidence was indeed integral and authentic.

On the February 2011 court date, Hon. Clancy confirmed that the newly discovered DNA evidence was indeed integral and authentic, and thereafter reschedulled the court date for March 28, 2011 to question me (engage in a colloquy) to determine whether petitioner's decision to proceed pro se was knowing and voluntary.

On the March 28, 2011 court date, along with being informed that petitioner's mother, Ms. Doris E. Fleming-Bates, met an untimely demise, petitioner with much reserve and instilled perserverence from his dear mother, was asked by