Mr. Robert FLEMING
Attorney of Record
Founder and Director for LEGAL Literacy Advocates
Five Points Corri FACe
6600 State Route 96
Romulus, N.Y. 19541

RECEIVED
MAR 27 2025
PRO SE OFFICE

Attn:      Clerk of Court
Southern District of New York Second Circuit
            Daniel Patrick Moynihan
            United States Court House
            500 Pearl Street
            New York, N.Y. 10007

Attn:      Corporation Counsel
            100 Church Street
            New York, N.Y. 10007

January 31, 2025

RE: Robert Fleming V Det. Stradford #3420 To Det. Biraccini #7305 10 CIV 3345
            CPLR 2221 (d)(E)
      -motion for new trial persuant to Rule 59
            I

Although Mr. Robert Fleming, Attorney of Record is highly
Appreciative of Hon. Faillit, Acknowledging via 1/23/2025 notice to
the defendants of Mr. Fleming's motion for a new trial, Mr. Fleming
however, is Appauled at how Hon. Faillit states that:

a. the court does not require Additional briefing on this motion;

b. Defendants need not respond; And

c. Should the court determine that Additional briefing would be useful, it
will promptly reach out to the parties.

Acknowledging Federal Rule of Civil Procedure 59 gives a court
discretion to "grant new trial on All or some of the issues in a
case after a jury trial has been held "for Any reason for which A new
trial has or (may) therefore be granted in An Action At LAW in Federal
court." Fed. R. Civ. P. 59 (A)(1)(A).

<u>EXAMPLE</u>

The court Abused its discretion when granting Defendant's Application to
preclude inquiry into defendants disciplinary histories, while knowing or Should have
known that:

1. the Bronx district Attorney's offices release of their heavily redacted
list of cops who had been subjects of "Adverse credibility findings" like
Det.'s Stradford & Braccini, could not only Aid with undermining
(his/her) criminal prosecutions but would have provided the jury with
Adequate evidence to review the Allegations of official misconduct against
Det.'s Stradford & Braccini fairly And how, why And when the civil
complaints And Allegations of falsification specific to them (And other
officers) bore on Det.'s Stradford & Braccini's credibility at the trial. see:
People v Conner, 184 Ad3d 431 (2020), City Felder v city of new York, 32 mısc3d1467(A)(3/18/2011)
Acknowledging how, on 11/26/2014 Hon. USDA Torres ruled while relying upon

<u>II</u>

Mr. Robert Fleming
Attorney of Record
Founder and Director for Legal Literacy Advocates
Five Points Corr. Facil.
6600 State Route 96
Romulus, New York 14541


Attn: Clerk of Court
Southern District of New York
Second Circuit
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007


Attn: Corporation Counsel
100 Church Street
New York, New York 10007


2/7/2025


Re: Robert Fleming v. Det. Stratford #3420 + Det. Baccini #4305 10-civ3345 (RPF)
Cover Letter
Motion for New Trial
Pursuant to Rule 59; CPLR 2221(d)(e)
II

Although Plaintiff, Mr. Robert Fleming, Attorney of Record is highly Appreciative for Hon. Katherine P. Failla, J., et Al., informing the Defendant's of Mr. Fleming's Anticipation for A rescheduled trial hearing And date, forthwith.

Mr. Fleming, Attorney of Record cautions Hon. Failla % Defendant's Representative - Corporation counsel, primarily Mr. Daniel Stafford, who had engaged in the scheduled 2015 Stipulation of settlement, for An insignificant, insulting, demeaning and lowballing offer of Two Thousand Five Hundred ($2,500.00) dollars, while Knowing or should have Known that: if a prosecutor or police, on 2/27/2009 knowingly And deliberately misleads the court or supplies false informations, that on or about 2/29/1988 Plaintiff had raped, sodomized And committed A double homocide of his ex-girlfriend And her 9 year old daughter, with it previously being ruled As follows, during the 2013 pre-trial hearings:

Q. Detective, back in 2003 when the Virginia swabs came up through codis matching the DNA of the defendant, how many matches were there?

A. Two.

Q. And who?

A. One for Selwin Cooper And one for Joi Little.

Q. And did you speak to anyone in the District Attorney's office about making An Arrest for A sex crime?

A. Yes I did.

Q. And what, if anything, were you told?

A. I was told that the statute of limitations had Already been exceeded for rape. CPL§30.10.

Which has lead to his 17 (17) years of unlawful And illegal imprisonment, see stafford 3×20% def.practice #305% the State is liable for malicious prosecutive see conkey v state 74 Ad2d 998 (1980).    II    Respectfully x ___

An analogous context of (SEE: WEIXEL v Bd. of Educ. of New York, 287 F3d 138-146 (2nd Cir. 2002), while interpreting Plaintiff's complaint "to raise the (strongest arguments) that it suggests", the court construes Plaintiff's excessive force claim as a cause of action for damages for physical injuries suffered as a result of stradford's alleged assault. Therefore, Plaintiff's protection against suggestive (i.e. identification or interrogation) procedures encompasses not only the right to "avoid methods that suggest initial identification" but, as well, the right to avoid, during the scheduled 1/21/2017 trial proceedings, having those suggestive methods via violating Plaintiff's HIPAA rights, by permitting, aiding, abetting, encouraging and inducing an unfair environment for the disclosure of Plaintiff's medical diagnoses with Hon. Katherine P. Failla C/o the defendant's (Def.'s Stradford # 3420 C/o Braccini # 4305, et al.) knowing or should have known, that:

1. Finding prisoners retain a right to privacy in medical information, and that the right is "particularly strong" for HIV status. SEE: DOE v City of New York, 15 F3d 264-267 (2nd Cir. 1994) (i.e. "individuals who are infected with HIV virus clearly possess a constitutional right to privacy regarding their condition") and

2. N.Y. Pub. Health Law §2782 (McKinney 2006), state agencies authorized to obtain confidential HIV-related information should have regulations to prevent discrimination, prohibit unauthorized disclosure, and establish criteria for determining who should receive the information and when. N.Y. Pub. Health Law §2786 (2)(A) (McKinney 2006) and

3. Allowing prisoner to sue law enforcement (i.e. Def. Wendell Stradford # 3420) in a separate suit for damages when he disclosed Plaintiff's HIV

medical status during the scheduled 1/21/2017 trial proceedings. SEE:
Lipinski v Skinner, 781 F supp 131 (N.D.N.Y 199?) And

4. Holding that prisoner-Plaintiff stated proper claim for relief where, how
And when accusing Def. Wendell stradford #3420 of improperly revealing his
HIV-related information. SEE: V v State, 150 Misc2d 156, 157-58 (Cl. Cl. 1991)
which, in And of Themselves, Hon. Faiila, et Al., was transformed into
A selection of ideological misconceptions that were tentative into one
that is positively certain. U.S.C.A. const. Amend. 14.

                          ASSESSMENT

    Therefore, with Hon. Faiila, et Al., being considerate And thoughtful
Enough to make notice, how, As of 1/23/2025 Plaintiff has submitted his
motion for A new trial, And how, At this time, the court does not require
Additional briefing on the Motion, And as such, defendants need not respond but
should the court determine that additional briefing would be useful, it will
promptly reach out to the parties;
    Thus, while relying upon an analogous content of (SEE: REEHEEM V KELLY, 257
F3d 122 (2nd Cir. 7/13/2001)), And considering (All) of the state's arguments in
support of Hon. Katherine P. Faiila's decision for dismissing Plaintiff's plausibly
submitted And presented 2010 EXCESSIVE force claim Against Def.'s stradford #
3420, Along with his separate suite against Det. Wendell stradford #3420
for damage for (his) "deliberate indifference" And "intentional misconduct"
without provocation, when he disclosed Plaintiff's medical status during the
scheduled 1/21/2017 trial proceedings, And having found Hon. Faiila's rulings, orders
And judgements without merit.
    The 2018 judgement dismissing Plaintiff's appeal must be reversed, with the
matter being remanded for entry of judgement granting summary judgement, A
                          IV

rescheduled settlement phone conference of A New trial within within 120 days, After the receipt of this motion no more delays!!!

Additionally, Plaintiff seeks damages based upon claims of False Arrest, False imprisonment, malicious prosecution, intentional infliction of emotional distress, negligent hiring, training, supervising, retention and violation of his civil And constitutional rights by Def.'s Wendell Stratford #3420 & Braccini #4305, individually and in their official capacities, As police officers under (See: Monell V Dept. of social services 98 sct 2018 (1978); And

## Respondeat Superior

Under the common Law municipalities may be sued directly under §1983 for constitutional deprivations inflicted upon private individuals pursuant to a governmental custom, policy, ordinance, regulation or decision, See: Batista V Rodriguez, 702 F2d 393, 397 (2nd cir 1983) citing Monell supra; and

Furthermore, with respect of Plaintiff's initial, belated or present claims of Failure to properly hire, train and supervise, defendants from 2010 thru 2017 have failed/or neglected to set forth Any case Law to support their contentions that Mr. Robert Fleming, Attorney of Record notices of claim were insufficient to put the city on notice of these claims; and

The cases previously cited by the defendants were to refuse to specify A theory of liability pursued in the complaint. See: Cowel V Stancik, 2004 U.S. Dist. LEXIS 28196 (E.D.N.Y. 3/7/2004); Mejia V City of New York, 119 F.Supp.2d 232-255, 56 (E.D.N.Y. 2000); Davidson V Bronx Mun. Hospital 172d 59 (1994); and

Neither the record nor the Law is clear enough to justify the 2017 or 2018 dismissal of

7

Plaintiff's excessive force claim and the affirmance of his 7/31/2013 vindictive prosecution, where the court had granted Plaintiff's motion to suppress his statement during the conclusion of the (See: People v Huntley 15 N.Y.2d 72 (1965)) on the ground that:

1. With regard to the 2008 statement, however, the court holds that it was obtained in violation of the "indelible right to counsel" and must be suppressed.

Example
Indelible Right to Counsel Rule

1A. A defendant who is in custody on "a criminal matter for which (he/she) is represented by counsel may not be interrogated in the absence of (his/her) attorney with respect to (that) matter or an unrelated matter (i.e. the rape, sodomy 1° or murder 2°—2 counts) unless (he/she) waives the right to counsel in the presence of (his/her) attorney." See: People v Lopez 16 N.Y.3d 375-377 (2011) citing People v Rogers 48 N.Y.2d 167 (1979)." and

Although Stratford credibly testified that he believed that defendant had already pleaded guilty and was sentenced in the unrelated drug matter, he was wrong. Defendant was in custody on the open case, he was represented by counsel on that case, and he had not yet pleaded guilty or been sentenced when he made the statement at Riker's Island on 10/23/2008; and

The court rejects the People's position that the statement should not be suppressed because defendant purportedly stated that he was representing himself during his plea allocution in the unrelated drug case. There was absolutely no evidence before (this court) to establish that counsel had been relieved on the other case and that defendant was, in fact, proceeding pro se.

In any event, despite Stratford's good faith and the absence of any evidence to suggest that he intentionally violated defendant's right to counsel, it is clear that the right to counsel (had) indelibly attached and "any"

VI

Subsequent statement elicited in the absence of counsel "must" be suppressed. See People V Gonzales, 75 NY2d 938-39 (1990) citing People V Samuels, 49 NY2d 218 (1980) and

Consequently, Hon. Failla c/o Hon. Margaret L. Clancy c/o the Defendant's c/o New York court of Appeals c/o Second circuit c/o Appellate Division - First Department, et al. :

<u>Deprivation of the right to counsel during</u>
<u>custodial interrogation</u>

2b. Broadly construing Plaintiff's present complaint, he alleges that Defendants deprived him of his indelible right to counsel during the 10/23/2008 interrogation. See Am. compl. 4; See Also. Pl. Mem. 2 ECF No. 58.

3b. Plaintiff cannot, however, seek relief under §1983 for this claim, but instead, the appropriate remedy for (his/her) claimed constitutional violation is "Exclusion of the Evidence following a Huntley hearing relief which the Plaintiff has already received and which is not appropriately sought pursuant to §1983. See: Brown V Maffin, 2004 wk 1774328 (2009).

<u>Standard of Review</u>

A. Different legal standards govern a court's review of motions to dismiss made pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6). On a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(1), it is a court's duty, Hon. Failla et al., to resolve disputed jurisdictional facts. See: Cargill Int'l S.A. V M/T Pavel Dybenko, 991 F2d 1012-19 (2nd cir. 1983); and

b. Failure of subject matter jurisdiction (i.e. People V Harris, 61 NY2d 9 (1983) V

VII

(SEE: PEOPLE V LOPEZ, 16 NY3d 375 (2011)) to ARTICULATE the subject matter of how, when and why New York indelible right of Plaintiff-Appellant's 6th Amendment right to counsel had been amended or modified to detract from its precedence that:

<u>Discussion & conclusion of Law</u>

As a general rule a criminal action begins with the filing of an accusatory instrument. People V Blake, 35 NY2d 331 (1974). The united states supreme court has held that upon the commencement of an adversarial criminal proceeding, the defendant has a constitutional right to counsel. SEE: Kirby V Illinois, 92 Sct 1877 (1972); and

New York (city & state) has defined this right to counsel as an "indelible right" available to the defendant at any critical stage of the prosecution. See: People V Settles, 46 NY2d 154-65 (1978); and

The filing of an accusatory instrument also is generally held to be the point where the right to counsel attaches. SEE: People V Strother, 234 AD2d 571 (2nd Sept. 1996).

However, there are situations, like Plaintiff-Appellant was subjected to, during the 10/23/2008 uncounseled interrogation, where he, in the absence of counsel, was not only coerced to write an incriminating statement that was ultimately suppressed for the aforesaid reasons by which the indelible right to counsel had attached but he was also subjected to excessive force by Det. Stratford #3420 and as for Det. Buccini's #4305 part, his failure to intervene makes him liable as well. SEE: Gomez V Toledo, 100 Sct 1920 (1980).

Arguably, as fragmentedly presented by the defendant's, accepted by Hon. Failla and unjustifiably mischaracterized within this court's 1/20 — with the trial court's 9/26/2014 belied reliance on (SEE: People V Harris, 61 NY2d 9 (1983)) which (specifically) references guilty pleas being intelligently and voluntarily entered

<u>VIII</u>

And nothing concerning, referencing nor negating a defendant's 6th Amendment right to counsel, nor New York's indelible right to counsel rule (See: People v West 81N7d 370 (1993)) citing Blockburger v u.s., 52 sct 180; Brown v ohio, 97 sct 2221 (1977)) ruling that:

Although it is clear that the 6th Amendment right to counsel attaches only to charged offenses, we have recognized in other context that the definition of an "offense" is not necessarily limited to the four corners of a charging instrument. In Blockburger v u.s., 52 sct 180 (1932) we explained that where the same act or transaction constitutes a violation of (two distinct provisions) (i.e. 6th Amendment right to counsel /w New York state right to indelible counsel) the test to be applied to determine whether there are two offenses or only one, is whether each provision of (two distinct provisions) requires proof of a fact which the other does not. See: Blockburger, supra id.

We have since applied the Blockburger test to delineate the scope of the 5th Amendments double jeopardy clause, which prevents multiple or successive prosecutions from the same offense. Brown, supra id.

We see no constitutional difference between the meaning of the term "offense" in the contexts of double jeopardy and of the right to counsel. Accordingly, we hold that when the 6th Amendment right to counsel attaches, unlike the trial court's 9/26/2014 /w Hon. Phillip's, et al. 2/28/2018 arbitrary, capricious, illegal, irrational and belied rulings, it does encompass offenses that, even if not formally charged, would be considered under the Blockburger test./

<u>motion for new trial 59</u>

Federal Rule Civil Procedure 59 gives (a) court discretion Hon. Phillip's this to grant a new trial on (all) or some of the issues" (i.e. People v

<u>IX</u>

Lopez, 16 NY3d 375 (2011) v People v Harris, 61 NY2d 9 (1983)) in the case after a jury trial has been held "for any reason for which a new trial should be granted, where — when — how and why from clancy % to thou faith, et al, had knowingly mislead, misguided and erroneously applied (see: People v Harris, 61 NY2d 9 (1983)) to Plaintiff - Appellant's 1/20/2017 civil case and ruling, as well as to the trial court's 9/26/2014 decision, while denying his CPLR 440.10 motions, for which a new trial must heretofore been granted in the action at law in federal court. Fed. R. Civ. P. 59(A)(i)(A), i.e. a court may, for example, grant a new trial "if, as Plaintiff - Appellant has illustrated a prima facie case of "substantial errors being made within the 2013 pre-trial and trial court proceedings % to the 2017 scheduled §1983 pre-trial and trial court proceedings, where substantial errors were (individually and collectively) made in admitting or excluding evidence and information, or in charging the jury. In re Vivendi universal, s.a. sec. litig., 765 FSupp2d 512, 573 (SDNY 2011); Graham v City of N.Y., 128 F Supp3d 681, 709 (E.D.N.Y. 2015) "erroneous or inadequate jury instructions, during the separate but distinct constituting 2013 and 2017 scheduled trial proceedings, may, as it does constitute ground(s) for rescheduled trial(s) where illustrated errors have been proven to be prejudicial in light of the charge(s) as a whole. quoting Lore v City of Syracuse, 670 F3d 127 (2nd cir. 2012).

<u>Civil Rights — — Immunity Defense</u>

In determining whether a public official (i.e. deft's Strafford #3400 % Braun #4305) is entitled to qualified immunity, a two-step analysis is followed:

First: the defendant(s) must prove that (he/she) was acting within the scope of (his/her) discretionary authority at the time of the allegedly illegal 10/23/2008 conduct. U.S.C.A. Const. Amend. 14 and 1/21/2017 trial proceedings; and

In order for a right to be clearly established for purposes of defeating claim of qualified immunity, contours of the right must be sufficiently clear so that a

X

reasonable official (i.e. Def's Stratford #3420 % Braccini #4305) would or should know and understand that what (he/she) was doing on 10/23/2008 clearly violated Plaintiff - Appellant's Constitutional rights. 42 U.S.C.A. § 1983; And

where the law (6th Amendment right to counsel % New York's indelible right to counsel rule) that the governmental officials (i.e. Def's Stratford % Braccini) allegedly violated was clearly established, the immunity defense will fail because a reasonably competent public official should know the law governing (his/her) conduct. 42 U.S.C.A. § 1983; And

summarily Hon. Katherine P. Failla % Hon. Margaret L. Clancy % Def's Stratford #3420  Braccini #4305, et al., standard to be employed in determining whether an Act on 10/23/2008 by government officials (i.e. Def's Stratford #3420 % Braccini #4305) was fatally arbitrary in the substantive due process context, depends upon whether the challenged 10/23/2008 act of violating the 6th Amendment /w New York's indelible right to counsel rule, occurred within the legislative or executive spheres; where executive action (i.e. immunity defense) is at issue, the cognizable level of executive abuse of power (i.e. professional courtesy) is that which shocks the conscience. U.S.C.A. Const. Amend. 14; And

Furthermore, while the court is being constrained to review via examining Plaintiff - Appellant's §1983 claim for excessive force during the 10/23/2008 uncounseled interrogation, which contributed to his 2/27/2009 postplea re-arrest for rape 1°; sodomy 1° and murder 2° 2 counts, and of which he has since discovered that Sct No. #00032 & Ind No. #00569/2009 do not constitute (any) crimes, fails to charge (any) crime and cannot be amended see People v Valvero, 222 N.Y. 74 (1917); People v Bromwich 200 N.Y. 385; People v Geyer 196 N.Y. 364 citing People v Frank 88 App. Div. 294 (1903); And while relying upon an analogous context of (see; Johnson v Suffolk cty, 2021

W.L 1163021 (3/26/2021), with the following facts that on 10/23/2008 during the uncounseled interrogation with Det's Stradford #3420 & Braccini #4305, whereupon Plaintiff-Appellant relating to answer questions, Det. Stradford #3420 assaulted him by knocking him upside the head several times and Braccini #4305, for his part, failed to intervene, not being controverted by citations to admissible evidence are deemed admitted. SEE: Giannullo v City of N.Y, 322 F3d 139-40 (2nd cir. 2003) (i.e. "if the opposing party ... fails to controvert a fact set in the moving party's Rule 56.1 statement, the aforementioned presented 2010 facts will be deemed admitted; and

Similarly stated, Two, and only two, allegations are required to state a § 1983 cause of action:

1. Plaintiff must allege that some person(s) has deprived (him/her) of federal right (i.e. 8th amendment); and

2. Plaintiff must allege that the person(s) who has deprived (his/her) of that right acted under color of state. SEE: Hudson v McMillian, 112 sct 1737 (1992); and

Pursuant to CPLR 1412, culpable conduct is an affirmative defense that is to be pleaded and proved by the parties (i.e. Det's Stradford #3420 & Braccini #4305) asserting such a defense; and upon Plaintiff's appropriate 2010 demand, (defendants) were required to particularize their affirmative defense. SEE: Forney v Huntington Hosp, 134 Ad2d 405 (1987); and

Within Plaintiff's §§1983 excessive force claim, for a (i.e. New trial, or phone conference for summary judgement / or settlement) discussions, Plaintiff contends (enter alias) pursuant to the attached copy of "New York State confidentiality law" and HIV, Public Health Law, Article 27-F, Det. Stradford knew or should have known, as a New York City Public officer that: state law prohibits (you) from making any further disclosure of his information without the specific written consent of the person to whom it pertains, or as otherwise permitted by law; and

Any unauthorized further disclosure by Det. Stradford #3420 during the 2017 trial, (in violation of state law) may, as it should, result in a fine or jail sentence or both. SEE:

XII

SEE: McKinnon v Patterson, 568 F2d 930, 934 (1977); Traufler v Thompson, 662 F.supp 945-946 (N.D. Ill. 1987) citing woods v White, 689 F.supp. 874 (W.D. Wisc. 1988) (i.e. therein it was found that the prisoner, like Mr. Robert Fleming, attorney of Record, stated a cause of action under § 1983 against Sgt. Strafford #3920, who had, during the scheduled 1/21/2017 federal trial, with a "deliberate indifference" and "intentional misconduct" without provocation, ___ disclosed to non-medical personnel and others viewing the proceedings, that (he/she) had tested positive for AIDS, for which it has previously been held "that Plaintiff, Mr. Robert Fleming, attorney of Record, has a constitutional right to privacy in (his/her) medical records. SEE: Whalen v Roe, 429 U.S. 589-598 (1977) citing Sidell v Abbott Labs, 607 P2d 924 (1980).

Accordingly, the reasoning construed within the precedents is eminently persuasive here and at this procedural point, as well as in accordance therewith, Hon. Katherine P. Failla, et al, being encouraged to rule that this CPLR 2221 (d)(e) motion for a new trial, scheduled summary judgement or settlement conference herein, states a valid claim for the violation of Plaintiff's constitutional right to privacy, and such right precluded defendant Sgt. Wendell Strafford #3920, on 1/21/2017 from disclosing to other non-medical personnel that he suffers from AIDS.

Clearly, the proponent of summary judgement /w settlement conference or for a new trial must make a prima facie showing of entitlement as a matter of law, tendering sufficient evidence to eliminate any material issue of fact from the case. SEE: Sillman, 3 NY2d 395-404 (1957). And

Finally, In reviewing the motion papers, for which Hon. Failla, et al, have made notice of, as of 1/23/2025 that while Plaintiff supports his motion with the recitations of the alleged facts within (his/her) claims for

XIII

those Plaintiff's, unfair and partial misadvice to the defendant's that i the court does not require additional briefing on this motion, and, as such, defendants need not respond, whereby with the defendant's offering no contrary set of facts; and

with it being well-established that "facts appearing in Plaintiff's papers which the defendant's does not controvert are deemed admitted. See: Kuehne & Nagel Braden, 36 NY2d 539-544; Firth v State of New York, 287 AD2d 771, App.98 NY2d 365 (2002).

Therefore, due to the extenuating situations surrounding Plaintiff's unfairly supervised 1/2017 trial proceedings where Hon. Katherine Polk Failla had presided, as well as the circumstances which were permitted to occur to where Plaintiff was prevented from prosecuting his/her undisputed and non controverted claims adequately, the 2017 unfair order ruling and judgement in favor of the defendant's, must be reversed and a new trial order before a different judge unless the defendant's would rather engage in a rescheduled settlement or summary judgement video conference, like what ensued, on or about 11/23/2015 with Mr. Daniel Saavedra, asst. corporation counsel.

<u>what constitutes Profits of the crime</u>

Plaintiff argues that the $1 million demand/w interest does not constitute proceeds from the alleged 2/19/1988 crime, but rather, is compensation for a separate, independent tort, committed by Def's Stradford #3420 & Braccini #1305, of which he is the victim, malicious prosecution, where the received 9/26/2014 and 1/11/2026 motions, court transcripts; rulings and exhibits proves how, why and when the Bronx District Attorney's 42nd pct. & cold case squad engaged in an unauthorized policy, with a "deliberate indifference" and "intentional misconduct" of knowingly and deliberately misleading the court by supplying false information i.e. SCI No. 00032/2009 & Ind. No. 00569/2008 which lead to his/her 16½ years of false imprisonment, the officer's and state may both become liable for

<u>IVX</u>

Malicious prosecutions. SEE: Conley v State, 74 (Ad2d 898 (1980)) And

Acknowledging this court's previously ruled upon 11/26/2014 statement of how: "Since pro se civil rights complaints should be read with... generosity (Plaintiff's original) complaint must be given the benefit of incorporation (Camarano v City of New York, 624 F.Supp.114 1147-1148 (S.D.N.Y. 1986)) And

Moreover, this court also considered the state court Bronx County's misleading ruling (i.e. People v Harris, 61 NY2d 9 (1983)) where that court's indulgence dealt with guilty pleas being intelligently and voluntarily entered, and noting concerning, referencing nor negativing defendant's 6th Amendment right to counsel or New York's indelible right to counsel rule (SEE: People v Lopez, 16 NY3d 375 (2011)) And

However, when, at the conclusion of the Huntley Hearing 15 NY2d 72 (1965) the court granted Fleming's motion to suppress his statement at trial because he was in custody on Rikers Island and represented by an Attorney at the time of the interrogation. SEE: People v Pauls 64 NY2d 2d 639 (2nd Dept. 5/11/1970) where the court ruled as is applicable to plaintiff's case, in sum and substance:

1. Det.'s Stradford #3420 & Braccini #1305, would be constrained to conceed that they had no information / or evidence and no reasonable grounds to believe that Mr. Fleming had committed any crime; And

2. They acted only on the inchoate and unparticularized suspicion or hunch as the record shows; And

3. They would have had no right to question Mr. Fleming under these circumstances, far less confront him in custody and have him escorted for interrogation even with his alleged consent; And

<u>XV</u>

4.  Relying upon the analogous context of (SEE: People v Albright, 32 Add 878 (1969)) the Appellate Division said in the unanimous opinion, "inasmuch as Det's Stratford & Braccini had no right initially to interrogate plaintiff, the ensuing (out search (Although made presumptively with plaintiff's consent) was fatally infected and the fruits thereof should have been suppressed; And

5.  Whenever Det's Stratford & Braccini, et al, EXERCISES dominion and control over A person that person is in custody despite any denials by the Detectives, one is one where (he/she) has been deprived of (his/her) freedom of Action in ("any") significant way. So says Miranda (supra, 86 sct p. 1612 (1966)); And

6.  In this case, there's failure to clearly, i.e. the unlawful detection of Plaintiff-Appellant when in violation of the 4th Amendment, Det's Braccini & Stratford entered the compound of Rikers Island, As well as the Beacon Corr. Fac. and continued through the facility during the time of Plaintiff's obtained coerced 10/23/2008 statement; And

    Acknowledging how, on 10/3/2008 the court is persuaded on how it is constrained (inter Alia) to consider the Accused mental state on 10/23/2008 being that he had been Arrested for cscs 3° & cpcs 3° and was an Active drug user And must consider his mental condition at the time of the 10/23/2008 interrogation in determining whether there had been an effective waiver of his constitutional rights. SEE: People v Drake, 15 N2d 626 (1964); People v Nay, 23 Add 963 (1965) (i.e. Among other things, records from that corr. fac. should be Available which show his mental condition at that time, on 10/23/2008. It is possible that medical personnel who then Attended him might cast some light upon the problem, for which the matter should be remitted to both the Bronx Supreme court & 2nd circuit for A rescheduled trial, As to the effective and intelligent waiver of Plaintiff-Appellant, which is the mitigating factual issue, which pre-determines Plaintiff's excessive force claim; And This court, therefore, is constrained to acquiesce that Plaintiff's 2/27/2009 postplea Arrest

XVI

WAS, is and remains without adequate probable cause, jurisdiction, nor insufficient evidence, where, during the scheduled 2013 pre-trial hearing the following information was revealed, that:

Q. detective, back in 2003, when the original swabs came up through codis? matching the DNA of the defendant, how many matches were there?

A. Two.

Q. And who?

A. one for select cooper and one for Joe Little.

Q. And did you speak to anyone in the District Attorney's office about making an arrest for a sex crime?

A. Yes, I did.

Q. And what, if anything, were you told?

A. I was told that the statute of limitations had already been exceeded for rape.

Then, within their Cluney's 27 Months late Reply - CPL§330.30 decision to the timely submitted CPL§330.30 motion on pg. #2, it has been belatedly revealed how: "For instance, defendant incorrectly argues that the indictment number in this case was somehow improperly "merged" with an unrelated federal murder case." And

"He also argues that the verdict was repugnant because he was acquitted of the rape and sodomy charges on which the felony murder charges were based" and Then, belatedly admitting, which should have been revealed to the 2013 trial jurors, that: "Due to the statute of limitations, however, defendant was never charged with any rape or sodomy counts in this case. See: People V Fleming, Ind No. # 00564/2009 (10/15/2015), pg. #2.

Which does not and will not foreclose Appellate review from (i.e. Appellate Division - First Department to Southern District - 2nd circuit) that: SCI No. # 00032/2009, which charge the commission of a crime on 10/20/2008 of which was subsequent to the finding of the same is invalid As failing to

XVII

CHARGE A CRIME, And CANNOT be AMENDED; And

IND. No. #00564/2009 which charge A CRIME(s) As having been committed subsequent to the finding of the SAME by grand jury on 2/15/2009 CANNOT be regarded As charging Any CRIME; And

The omission to charge the commission of A crime, As of A time prior to the finding of the indictment is one of Substance, not of form; As such, the SCI No. 00032/2009 % 00564/2009 CANNOT be Amended by the court (SEE: PEOPLE V VAN EVERY, 222 N.Y. 74 (Ct. App. 12/14/1917); And

Furthermore, the Grand Jury did not charge Plaintiff with the commission of (Any) crime At Any time prior to the finding of the indictment, And such omission is not one of form but, of substance And the record in this case contains Some inexplainable And contradictory details. Still the question so fAr, As the sufficiency of the indictment, the rulings of the (i.e. Copiack, Wyoming, Albany, Seneca, washington And Bronx supreme & County court's) upon motions made to dismiss SCI No. #00032/2009/W IND No. #00564/2009 upon demurrer, And Allowing the AmendmeNt to the SKt No. #2008BX057276 (on 10/3/2008). sufficiently Appears to enAble those court's And now, this court, to rule upon the correctness of the proceedings had herein; And

on 10/20/2008, the Bronx county court however, sought by An Amendment (i.e. SCI No. #00032/2009) of the 10/3/2008 SKt No. #2008BX057276, to make good the invAlid IND No. #00564/2009, on 2/15/2009 And thus' Exercise the functions of the Grand Jury without legal proof thAt Plaintiff—Appellant had ever committed A crime, or thAt he committed A crime on 10/2/2008; 1/12/2009; or 2/27/2009; such prActice cannot be sustained. SEE: People V Geyer, 196 N.Y. 364; And

while relying upon the Analogous context of (SEE: EX PArtE BAin, 121 U.S.1 (1887)) Mr. Fleming's case fAlls within the reAsoning of the opinion of EX PArtE BAin, 7 Sct 781 (1887). Where:

on 10/20/2008, the court sought to AmeNd SKt No. #2008BX057276 V SCI No. #00032/2009 And on 2/15/2009 IND No. #00564/2009, As true bills Against Fleming; And

XVIII

this court, After previously examining these claims, is constrained to review his arguments upon demurrer by ordering SCI No. #00232/2009 And IND No. #00564/2009 to be Amended by striking out the words (i.e. rape 1°, Sodomy 1° And Murder 2° - 2 counts) As this court holds these words to be surplusAge.

More than five years After Mr. Fleming was Arraigned, he proceeded to trial And was convicted, And

with Plaintiff's - Appellant's motion for A new trial Pursuant to Rule 59; CPLR 2221(d)(e), he is eligible As A caution to those, Fill/fe the Bronx District Attorney's office, All of the Assigned Reassigned standby trial Appellate, As well As the unlawfully Assigned pro bono liars, As ineffective lawyer's (i.e. Allison webster, Bonnie Gelb, Michael Beatrice, David Leung, Michael J. Kluger, Robert S. Dean for center for Appellate Litigations, Claudia Trupp, Jan Hoth, Mr. Abel, Mark Zeno, Thomas Szvious for Kaye Scholer LLP), who knew or should have known, predicated upon the enclosed court transcripts on 9/13/2013, pgs 248 to 251, during the singer, Huntley And undone hearing's of the following, in sum:

The court: Mr. Kluger, do you Anticipate putting Any witnesses on?
Mr. Kluger: I don't have Any witnesses in light of the fact that I understand that the court is going to take judicial notice of the file - I don't have the indictment number - -
The court: We will get it, 0032 of '09, pg. #248

The court: People have rested on the hearing. Mr. Kluger, do you want to present Any evidence by way of judicial notice or stip?
Mr. Kluger: Based on prior our conversation I think that we had And obviously, I haven't called any witnesses to prove out the fact that

XIV

Mr. Fleming was represented by counsel at the time of the 2008 interview, but I would ask the court to take judicial notice of the court file, which is indictment number —

The court: 0082 of '09.

Mr. Kluger: Yes.

The court: It's an SCI number actually. p.g. #249

Mr. Kluger: I am asking the court to take judicial notice of the fact that Mr. Fleming didn't actually plead guilty to that charge until January 12, 2009. It indicates that all over the file. Inside the file there is SCI paperwork that dated January 12, 2009. It's indicated on the court jacket, January 12, 2009. p.g. #250

Therefore, it is a well-settled rule of law that the statute respecting amendments does not extend to indictments and that a defective (i.e. SCI No. #00082/2009 % Ind No. #00564/2009) cannot be aided by a 7/31/2013 verdict of conviction. Along with the 2017 arbitrary, capricious, illogical and irrational judgement and verdict in favor of the defendants, the plaintiff's excessive force claim. And

that thou clancy, on 9/26/2014 in the erroneous denial of plaintiff appellant's CPL §440.10 motion not relied upon the inaccurate application of (See: People V Harris 61 N.Y.2d 9 (1983)) which deals with a prior guilty plea being voluntarily and knowingly and that each prior conviction was unconstitutionally obtained.

All of which survives a motion to dismiss, as this motion to the initial 2010 motion contains sufficient factual matters that states a claim of relief that is plausible on its face (i.e. Ashcroft V Iqbal (129 s.ct 1937 (2009)) where facts appearing in plaintiff's papers which the defendant's does not, or approximately 15 years does not and has not controverted, may be deemed admitted. See: AWA or state 3 unsealed/sealed

Respectfully submitted x [signature]
XX