UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT FLEMING,

                Plaintiff,

           -v.-

DET. WENDELL STRADFORD #3420,
and DET. STEVE BRACCINI #4305,

                Defendants.

10 Civ. 3345 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

## BACKGROUND

A comprehensive history of this action is provided in the Court's February 22, 2018 Opinion and Order denying Plaintiff Robert Fleming's post-trial motions, which was the Court's last substantive decision in this case and which is incorporated herein by reference. *Fleming* v. *Stradford*, No. 10 Civ. 3345 (KPF), 2018 WL 1033234 (S.D.N.Y. Feb. 22, 2018). In addition, the Court is aware of, and takes judicial notice of, several subsequent decisions issued by other state and federal courts in response to other lawsuits brought by Plaintiff. *See, e.g.*, *Fleming* v. *Noeth*, No. 17 Civ. 9104 (LGS) (DF), 2021 WL 4272740 (S.D.N.Y. Sept. 21, 2021) (adopting report and recommendation recommending denial of petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 with respect to Plaintiff's state-court murder convictions); *Fleming* v. *Att'y Gen. of New York*, No. 20 Civ. 6026 (LLS), 2020 WL 9458897 (S.D.N.Y. Nov. 25, 2020) (denying petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 with respect to Plaintiff's state-court narcotics convictions);

*People* v. *Anonymous*, 160 N.Y.S.3d 45 (1st Dep't 2022) (upholding narcotics conviction), *appeal dismissed as moot*, 214 N.Y.S.3d 49 (2024), *leave to appeal dismissed sub nom. People* v. *Fleming*, 38 N.Y.3d 1007 (2022).

In broad summary, the instant case involved allegations that Plaintiff's constitutional rights had been violated by Defendants, two New York City Police Department detectives who questioned him on October 23, 2008. Plaintiff's case was brought under 42 U.S.C. § 1983; by the time of trial, only Plaintiff's claim of excessive force remained in the case. A jury trial was held on that claim in January 2017, and on January 25, 2017, the jury rendered a verdict in favor of Defendants. (Dkt. #186 (verdict form)). Plaintiff's post-trial motions for judgment as a matter of law and for a new trial were denied by the Court in its February 22, 2018 Opinion and Order. (Dkt. #246). The Clerk of Court entered judgment that same day. (Dkt. #247). Plaintiff appealed from the Court's judgment to the United States Court of Appeals for the Second Circuit (Dkt. #248 (notice of appeal)), but his appeal was dismissed on December 20, 2018, for failure to comply with Second Circuit directives (Dkt. #249 (mandate)).

Nearly seven years after the Court's entry of judgment in this case, Plaintiff moved for a new trial. (*See* Dkt. #250 (Plaintiff's brief ("Pl. Br.")); Dkt. #251 (Plaintiff's affidavit); Dkt. #253 (Plaintiff's supplemental brief ("Pl. Supp.

Br."))).¹  The Court advised Defendants that they were not required to respond to Plaintiff's motion (Dkt. #252), and it now resolves that motion.

## ANALYSIS

It is well established that "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson* v. *Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (quoting *Estelle* v. *Gamble*, 429 U.S. 97, 106 (1976)).  That said, although courts have "long accorded *pro se* litigants 'special solicitude' to protect them from 'inadvertent forfeiture of important rights because of their lack of legal training,' … solicitude for *pro se* litigants does not require [the court] to excuse failure to comply with understandable procedural rules and mandatory deadlines." *Kotler* v. *Jubert*, 986 F.3d 147, 156 (2d Cir. 2021) (quoting *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal citations omitted)); *see also Caidor* v. *Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008) ("*[P]ro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." (citation omitted)).

Plaintiff moves for a new trial under Federal Rule of Civil Procedure 59, which allows a court to "grant a new trial on all or some of the issues" in a case after a jury trial has been held "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ.

---

¹  In referencing these submissions, the Court uses the page numbers supplied by the Court's Electronic Case Filing ("ECF") system.

P. 59(a)(1)(A).  Under Rule 59(b), "[a] motion for a new trial must be filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(b).  Plaintiff's new trial motion is thus several years too late.

The Court recognizes, however, that it has an obligation to construe Plaintiff's submissions to "raise the strongest arguments they suggest." *McLeod* v. *Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks omitted).  It has therefore considered whether Plaintiff can bring his claims under Rule 60(b), which allows a party to move for relief from a judgment for various reasons, including:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).  However, Rule 60 also contains built-in deadlines: "A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

4

With no evidence of a void or discharged judgment, Plaintiff's claims for a new trial could only be timely brought under Rule 60(b)(6).[2] However, even that subsection requires the motion to have been made "within a reasonable time." A court's determination of timeliness under Rule 60(c), in turn, requires consideration of "the particular circumstances of the case, taking into account the reason for any delay, the possible prejudice to the non-moving party, and the interests of finality." *Thai-Lao Lignite (Thailand) Co.* v. *Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (quotation omitted); *see also Stinson* v. *City Univ. of N.Y.*, No. 24-803-cv, 2024 WL 5135230, at *2 (2d Cir. Dec. 17, 2024) (summary order) (upholding district court denial of Rule 60(b) motion where plaintiff offered no explanation for his delay, "a core consideration for whether a motion has been brought within a reasonable time"). Given the amount of time that has passed, and the absence of any suggestion of newly discovered information or other reason for delay, Plaintiff cannot demonstrate that his motion was made "within a reasonable time," and the Court therefore dismisses it as untimely.

However, even were the Court to consider the merits of Plaintiff's claims, it would find that he has failed to identify a basis for a new trial. For starters,

---

[2] As discussed later in this Order, construing Plaintiff's motion as one brought under Rule 60(b)(6) is itself a difficult task. To the extent they pertain to this case at all, Plaintiff's claims center on the Court's pretrial rulings, which Plaintiff contends were erroneous. Such claims of error would seem to fall within Rule 60(b)(1), and the Second Circuit has made clear that "Rule 60(b)(1) and Rule 60(b)(6) are 'mutually exclusive,' such 'that any conduct which generally falls under the former cannot stand as a ground for relief under the latter.'" *Stevens* v. *Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quoting *United States* v. *Cirami*, 535 F.2d 736, 740 (2d Cir. 1976)); *see also Kemp* v. *United States*, 596 U.S. 528, 533-34 (2022) (holding that "mistakes" under Rule 60(b)(1) encompass a judge's errors of law and are thus subject to a one-year deadline).

several of Plaintiff's arguments presuppose the dismissal of his case before trial. (*See, e.g.*, Pl. Br. 4-5 (outlining legal standards for dismissal); Pl. Supp. Br. 6, 7-8 (referencing Court's "dismissing" or "dismissal" of his excessive force claim)). As the docket makes clear, however, Plaintiff's case in fact proceeded to a jury trial. Other of Plaintiff's arguments address perceived deficiencies in his criminal prosecution. (*See, e.g.*, Pl. Supp. Br. 4-5 (discussing statutes of limitations applicable to his counts of conviction), 8-12 (discussing right to counsel under New York law), 13 (arguing that indictments on which Plaintiff was convicted were invalid)). Those claims have no bearing on this civil litigation, and certainly are no basis for a new trial here. Finally, Plaintiff ascribes error to several of the Court's pretrial evidentiary rulings. (*See, e.g.*, Pl. Br. 2-4 (challenging the Court's rulings regarding appropriate scope of cross-examination of Defendants), 6-7 (discussing disclosure of certain of Plaintiff's medical conditions); Pl. Supp. Br. 2-3 (challenging the Court's resolution of pretrial motions *in limine*)). However, these rulings were challenged by Plaintiff before trial and in his post-trial motions; the challenges were resolved fully in the Court's February 22, 2018 Opinion and Order; and the Court will not revisit those decisions. *See Fleming*, 2018 WL 1033234, at *15-16, *21-22. Plaintiff was free to challenge the Court's evidentiary decisions in his appeal, but elected not to. There is, therefore, no basis for a new trial under Rule 59(a) or for vacatur of the judgment in this case under Rule 60(b).

**CONCLUSION**

Because Plaintiff's arguments for a new trial are both untimely and lacking in merit, the Court denies his motion. The Clerk of Court is directed to terminate the motions pending at docket entries 250 and 253, and to seal those entries (because of sensitive information contained in them) so that they are viewable to the Court and the parties only. The Clerk of Court is further directed to send a copy of this Order to Mr. Fleming at the following address:

    Robert Fleming, 13-A-4172, 10-Bl-22B
    Five Points Correctional Facility
    State Route 96, P.O. Box 119
    Romulus, New York 14541

    SO ORDERED.

Dated:  May 9, 2025
         New York, New York

                                        KATHERINE POLK FAILLA
                                        United States District Judge